IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| HENRY R. MOLAND | ) |
| Petitioner, | ) ) ) |
| v. | ) ) Case No. 21-CV-0455-TCK-JFJ |
| SCOTT D. CROW, | ) ) ) |
| Respondent. | ) ) |

**OPINION AND ORDER**

Petitioner Henry Moland, a state inmate appearing *pro se*,[1] seeks federal habeas relief under 28 U.S.C. § 2254, from the criminal judgment entered against him in the District Court of Washington County, Case No. CF-2006-455. Respondent Scott Crow moves to dismiss the amended petition as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations and for failure to comply with 28 U.S.C. § 2254(b)(1)(A)'s exhaustion requirement. Having considered Moland's amended petition for writ of habeas corpus (Dkt. 5), Crow's motion to dismiss (Dkt. 17) and brief in support (Dkt. 18), the record of state court proceedings, and applicable law, the Court finds and concludes that the statute of limitations bars relief. The Court therefore grants Crow's motion and dismisses the amended petition.

I.

Represented by counsel and pursuant to a negotiated plea agreement, Moland pleaded guilty, on July 11, 2007, in the District Court of Washington County, Case No. CF-2006-455, to one count of child abuse by injury, and the trial court imposed a 30-year prison sentence, with

---

[1] Because Moland appears *pro se*, the Court liberally construes his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

credit for time served. Dkt. 5, at 1-2, 9; Dkt. 18-2, at 1. Moland did not file a certiorari appeal in the Oklahoma Court of Criminal Appeals (OCCA) seeking direct review of his judgment. Dkt. 5, at 2.

On June 10, 2008, Moland filed a motion for yearly review in Washington County District Court. Dkt. 5, at 3; Dkt. 18-3, at 1. The state district court denied that application on June 16, 2008. Dkt. 5, at 3; Dkt. 18-3, at 2.

Just over twelve years later, Moland resumed his pursuit of postconviction remedies. First, on June 22, 2020, Moland filed a motion for suspended sentence in Washington County District Court. Dkt. 5, at 3; Dkt. 18-4, at 1-13. The state district court denied that motion on August 12, 2020. Dkt. 5, at 3-4; Dkt. 18-4, at 17.

Eight months later, on April 13, 2021, Moland filed a petition for writ of mandamus in Washington County District Court, claiming that, in light of *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), the trial court lacked jurisdiction to prosecute him because he is a Cherokee Nation citizen, he committed his crime within the boundaries of the Cherokee Nation Reservation, and he was thus subject to federal prosecution under the Major Crimes Act, 18 U.S.C. § 1153 (hereafter "*McGirt* claim"). Dkt. 18-5, at 1-10. The state district court denied the mandamus petition on May 18, 2021, and directed Moland "to file an appropriate motion to have his cause heard." Dkt. 18-7, at 1.

Moland promptly filed an application for postconviction relief in Washington County District Court on June 4, 2021, reasserting his *McGirt* claim. Dkt. 5, at 4; 18-8, at 1-11. That

2

motion is pending in Washington County District Court. Dkt. 18, at 3.[2]

Moland filed the amended petition for writ of habeas corpus on October 18, 2021,[3] reasserting his *McGirt* claim and asserting that his plea counsel performed deficiently and prejudicially because counsel knew Moland is Native American but failed to raise a *McGirt* claim. Dkt. 5, at 5-7. On November 8, 2021, the Court directed Crow to respond to the allegations in the amended petition. Dkt. 10. The Court later extended the response deadline, and Crow timely filed the motion to dismiss (Dkt. 17) and brief in support (Dkt. 18) on January 5, 2022.[4]

## II.

Crow moves to dismiss the amended petition as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations and for failure to comply with § 2254(b)(1)(A)'s exhaustion requirement. Moland did not file a response to the dismissal motion. The Court agrees with Crow that the statute of limitations bars relief on the claims asserted in the amended petition and thus

---

[2] Moland states in his amended petition that the state district court denied the application for postconviction relief in April or May 2021 (which would have been before Moland filed the application), and appears to suggest that the OCCA effectively affirmed the denial of postconviction relief on August 12, 2021, when issued a decision in a different case "that obstructs all jurisdictional claims" raised in state court. Dkt. 5, at 4. The Court takes judicial notice, however, that the publicly-available state-court docket sheet both confirms Crow's position that the state district court has not ruled on the application and that Moland filed thus filed no postconviction appeal in the OCCA relative to the pending application. *State v. Moland*, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=washington&number=CF-2006-00455&cmid=6334, last visited June 7, 2022.

[3] Moland filed his original petition on October 4, 2021, in the United States District Court for the Eastern District of Oklahoma. The case was transferred to this Court on October 18, 2021, the same day that Moland filed the amended petition. *See* Dkts. 1, 5, 7, 8.

[4] On December 17, 2021, Moland filed a "motion for a nihil-dicit judgment for the State's mootness in this proceeding" (Dkt. 14), seemingly seeking a default judgment based on the State's alleged failure to timely respond to the amended petition, and two responses in opposition to the State's previously-granted motion for an extension of time to respond (Dkts. 15, 16). Because the record in this case shows that Crow timely responded to the amended petition, the Court denies Moland's "motion for a nihil-dicit judgment."

Case 4:21-cv-00455-TCK-JFJ   Document 19 Filed in USDC ND/OK on 06/08/22   Page 4 of 8

finds it unnecessary to consider Crow's argument that Moland failed to exhaust available state remedies as to those claims.

### A.

Ordinarily, a state prisoner who seeks federal habeas relief through a 28 U.S.C. § 2254 petition for writ of habeas corpus must file the petition within one year of the date the prisoner's conviction became final on the conclusion of direct review. 28 U.S.C. § 2244(d)(1)(A); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). The one-year limitation period may also commence at a later date under the circumstances described in § 2244(d)(1)(B), (C) or (D). Regardless of when it begins, the one-year limitation period is tolled during the time that the prisoner's properly filed applications for state postconviction relief or other collateral review are pending in state court. 28 U.S.C. § 2244(d)(2); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). But "[o]nly state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations." *Clark*, 468 F.3d at 714.

Even generously construed, the Court does not read the amended petition as asserting that Moland's one-year limitation period began at a later date under the circumstances described in § 2244(d)(1)(B), (C), or (D). Dkt. 5, generally.[5] And the amended petition is untimely under

---

[5] Moland asserts that the State impeded and obstructed his attempts to exhaust available state remedies as to his *McGirt* claim. Dkt. 5, generally. But even assuming these assertions are true, they speak only to the issue of whether Moland complied with the exhaustion requirement, not to the issue of whether he complied with the one-year statute of limitations. In a written "objection" (Dkt. 6) filed October 18, 2021, Moland appears to acknowledge that the amended petition was filed beyond the one-year statute of limitations provided in § 2244(d)(1)(A), alleges the statute of limitations is unconstitutional, and mentions the possibility that a state prisoner's one-year limitation period may begin at a date later than the date his conviction became final. Dkt. 6, at 2-4. But Moland makes no specific argument in the amended petition that *his* one-year limitation period began at a later date under either § 2244(d)(1)(B), (C), or (D). And, while the Court must liberally construe the amended petition, it cannot create arguments that are not found therein. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

§ 2244(d)(1)(A).  Because Moland's conviction rests on his guilty plea, his only path to direct review was to file a motion to withdraw his plea, within 10 days of sentencing, and, if that motion was denied, to file a certiorari appeal in the OCCA.  *See Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (discussing appeal process in Oklahoma for defendants convicted on guilty pleas). Moland concedes he did not file a certiorari appeal.  Dkt. 5, at 2.  As a result, Moland's conviction became final, for purposes of § 2244(d)(1)(A), on July 23, 2007, ten days after he was sentenced.[6] *Clayton*, 700 F.3d at 441.  Moland's one-year limitation period commenced the next day, on July 24, 2007, and absent statutory tolling, would have expired on July 24, 2008.  *Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011).

But Moland filed a motion for yearly review on June 10, 2008, within that one-year period, so he is entitled to statutory tolling for the six days that motion was pending in state court.  28 U.S.C. § 2244(d)(2); *Clark*, 468 F.3d at 714.  With the benefit of statutory tolling, Moland's one-year limitation period expired on July 30, 2008.  Moland's more recent applications for postconviction relief, filed in 2020 and 2021, had no tolling effect because he filed them after his one-year limitation period expired.  *Clark*, 468 F.3d at 714.  Thus, the amended petition filed in October 2021 is clearly untimely.

**B.**

Moland appears to contend he is entitled to equitable tolling of the one-year limitation period; Crow disagrees.  A federal court may toll the one-year limitation period for equitable reasons.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  To obtain equitable tolling, the petitioner must identify (1) specific facts showing that he was reasonably diligent in pursuing his federal

---

[6] The 10-day period for filing a motion to withdraw his guilty plea expired on July 21, 2007.  But because that was a Saturday, Moland had until the following Monday, July 23, 2007, to file a timely motion.  Fed. R. Civ. P. 6(a)(1)(C).

5

claim and (2) extraordinary circumstances that prevented him from filing a timely federal habeas petition. *Holland*, 560 U.S. at 649; *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). In rare cases, when a petitioner asserts a credible claim of actual innocence, a federal court may excuse the failure to comply with the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 386, 392 (2013). Generally, a petitioner seeking application of *Perkins*' actual-innocence exception must present "new evidence," and "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (alteration added) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "[T]he *Schlup* standard is demanding and permits review only in the 'extraordinary' case." *House v. Bell*, 547 U.S. 518, 538 (2006) (quoting *Schlup*, 513 U.S. at 327).

As previously stated, Moland generally asserts that the State impeded and obstructed his attempts to obtain relief on his *McGirt* claim, but he identifies no specific facts in the amended petition to support that he diligently pursued either of the federal claims in his amended petition. Dkt. 5, generally. Significantly, Moland asserts that his plea counsel knew, in 2007, that Moland is Native American. Presumably, Moland also was aware of this fact at that time and knew the location where he committed the crime for which he was convicted. It is therefore difficult to find reasonable diligence when overlook Moland did not challenge the trial court's alleged lack of

6

criminal jurisdiction, or pursue any other claims, in any court between 2008 and 2020.[7] Moreover, the Court discerns no allegations in the amended petition that would support a credible claim of actual innocence. On the record presented, the Court agrees with Crow that Moland has not shown either that equitable tolling or an equitable exception is warranted in this case.

### III.

In sum, the amended petition is untimely under 28 U.S.C. § 2244(d)(1)(A), even with the benefit of statutory tolling, nothing in the record supports that the limitation period commenced at a later date under any other provision of § 2244(d)(1), and Moland has not demonstrated that equitable tolling of the one-year limitation period or application of the actual-innocence exception is warranted under the facts of this case. The Court therefore grants Crow's motion and dismisses the amended petition, with prejudice, as barred by the one-year statute of limitations. And, because the statute of limitations constitutes a clear procedural bar, the Court declines to issue a certificate

---

[7] To the extent Moland might be suggesting that he could not discover the facts relevant to his *McGirt* claim, or could not raise that claim, before *McGirt* was decided in July 2020, the Court would reject that argument for two reasons. First, Moland claims he committed his crime within the boundaries of the Cherokee Nation Reservation. But the *McGirt* Court held only that Congress did not disestablish the Muscogee (Creek) Nation Reservation and left open the question of whether land in Oklahoma reserved for other tribes is "Indian Country" for purposes of the Major Crimes Act. *McGirt*, 140 S. Ct. at 2460, 2479. Second, this Court has previously noted that defendants in Oklahoma could, and did, raise challenges to Oklahoma's exercise of criminal jurisdiction in Indian country well before the Supreme Court issued its decision in *McGirt*. *See, e.g.*, *Mitchell v. Nunn*, No. 21-CV-0446-GKF-CDL, 2022 WL 1272013, at *6 (N.D. Okla. Apr. 28, 2022) (citing *State v. Klindt*, 782 P.2d 401 (Okla. Crim. App. 1989), wherein the OCCA addressed an Indian-country jurisdictional claim and reasoning that "Indian-country jurisdictional claims did not spring into existence only after" the Supreme Court issued its decision in *McGirt*); *see also Parris v. Whitten*, No. 18-CV-0443-TCK-FHM, 2019 WL 2928754, at *4 (N.D. Okla. July 8, 2019) (unpublished) (rejecting habeas petitioner's argument that he could not have discovered the facts relevant to his Indian-country jurisdictional claim before the United States Court of Appeals for the Tenth Circuit issued its decision in *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017), *aff'd sub nom. Sharp v. Murphy*, 140 S. Ct. 2412 (2020), wherein the Tenth Circuit recognized the continued existence of the historical boundaries of the Muscogee Creek Nation Reservation).

of appealability. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Moland's "motion for a nihil-dicit judgment" (Dkt. 14) is **denied**.

2. Crow's motion to dismiss (Dkt. 17) is **granted**.

3. The amended petition for writ of habeas corpus (Dkt. 5) is **dismissed with prejudice**.

4. Any request for a certificate of appealability is **denied**.

5. A separate judgment shall be entered in this matter.

**DATED** this 8th day of June 2022.

*[signature]*
TERENCE C. KERN
United States District Judge